```
            UNITED STATES DISTRICT COURT
             DISTRICT OF NEW HAMPSHIRE
```

Susan Hanus, et al.

    v.                            Civil No. 13-cv-00044-JL

Loon Mountain Recreation
Corporation, et al.


### ORDER AFTER PRELIMINARY PRETRIAL CONFERENCE

The Preliminary Pretrial Conference was held in chambers on **June 3, 2013.**

As discussed at the conference, although the plaintiffs have invoked this court's diversity jurisdiction under 28 U.S.C. § 1332, the pleadings presently before the court are insufficient to confirm the validity of this invocation.  Specifically:

- Although a corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business for purposes of diversity jurisdiction, see Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006), the complaint alleges only that Loon Mountain Recreation Corporation is "a duly-organized corporation with a usual place of business [in] New Hampshire," Pls.' Am. Compl. (document no. 4) at 2, without alleging the state of Loon's incorporation.

- The complaint also alleges that plaintiffs Susan and Michael Hanus and defendant Scott Patterson "reside" in Massachusetts and New Hampshire, respectively, but the citizenship of individuals such as the Hanuses and Patterson is determined not by residence, but by domicile, i.e., "the place where one is present and intends to stay." Rodríguez v. Señor Frog's de la Isla, Inc., 642 F.3d 28, 32 (1st Cir. 2011).  "A bare statement of residence or address only informs the Court as to where the plaintiff lives, not of which state he is a citizen and domiciliary." Lefkowitz v. Lider, 443 F. Supp. 352, 355 (D. Mass. 1978).

- Finally, although the Hanuses are also proceeding as the legal representatives of their minor children "M.H." and "J.H.", and "the legal representative of an infant . . . shall be deemed to be a citizen only of the same State as the infant," 28 U.S.C. § 1332(c)(2), the complaint does not allege any citizenship information for the Hanus's children.

Accordingly, **on or before June 18, 2013,** the plaintiffs shall file an affidavit of jurisdictional facts with the court that describes, to the best of their knowledge or belief, (a) the state of incorporation of Loon Mountain Recreation Corporation as of the date this action was filed; and (b) the places of domicile of Michael Hanus, Susan Hanus, "M.H.", "J.H.", and Scott Patterson as of the date this action was filed.  The plaintiffs' failure to do so will result in dismissal of the case for failure to show subject-matter jurisdiction.  If the defendants contest any of the facts set forth in the affidavit, they shall inform the court within seven days of the plaintiffs' filing.

The Discovery Plan (document no. 21) is approved as submitted, with the following changes:

- Close of discovery - **April 11, 2014**[1]

- Expert challenges - **April 11, 2014**

- Plaintiff's expert disclosure - **January 10, 2014**

---

[1] The close of discovery deadline is the deadline by which discovery shall be completed--not the deadline by which discovery shall be served.  Propounding parties shall ensure that enough time remains in the discovery period for the recipient to provide its responses by that deadline.  Where Federal Rule Civ. P. 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the discovery completion deadline, the recipient need not provide a response.

- Defendant's expert disclosure - **February 7, 2014**
- Summary judgment deadline - **120 days prior to final pretrial conference**
- Jury/Bench trial - **September 2014**

Based on the discussions between the court and counsel at the conference, plaintiffs' second and third affirmative defenses to the counterclaim are **stricken** without prejudice to being reinstated on request if warranted by the evidence.  Plaintiffs clarified at the conference that paragraph 18 of the amended complaint contains a typographical error and should read ". . . the closed section of trail, referenced in paragraph **12** above . . ."; they need not amend the complaint to correct this error.

**Summary Judgment.**  The parties and counsel are advised that compliance with Rule 56(e) and Local Rule 7.2(b), regarding evidentiary support for factual assertions, and specification and delineation of material issues of disputed fact, will be required.

**Oral argument on dispositive motions**.  Counsel and the parties should anticipate that oral argument will be held on all dispositive motions.  Any party preferring that such a motion be decided on the written filings alone should so notify the clerk.

**Discovery disputes**.  Discovery disputes will be handled by the undersigned judge, as opposed to the Magistrate Judge, in the normal course.  No motion to compel is necessary.  The party or

3

counsel seeking discovery-related relief should confer with adverse counsel to choose mutually available dates, and then contact the Deputy Clerk to schedule a conference call with the court.  The court will inform counsel and parties what written materials, if any, should be submitted in advance of the conference call.

Customary motions to compel discovery, while disfavored by the undersigned judge, are nonetheless permissible.  If counsel prefer traditional discovery litigation to the conference call procedure set forth above, any such motion to compel should expressly request, in the title of the motion, a referral to the United States Magistrate Judge.  Such referral requests will normally be granted.  If the Magistrate Judge is recused, alternate arrangements will be made.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  June 4, 2013

cc:  Eric B. Goldberg, Esq.
     Michael B. Cosentino, Esq.
     Susan D. Novins, Esq.
     Mark D. Wiseman, Esq.
     Thomas B.S. Quarles, Jr., Esq.
     Margaret A. O'Brien, Esq.
     Kevin C. Devine, Esq.