**EXHIBIT A**

U. DISTRICT COURT
DISTRICT OF N.H.
FILED

Jan 21 10 10 AM '99

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jean MacDonald

v.  Civil No. 98-571-B

Loon Mountain Rec. Corp., et al.

## O R D E R

Defendant Loon Mountain Recreational Corporation has filed a motion to dismiss Jean MacDonald's complaint invoking N.H. Rev. Stat. Ann. § 225-A.

MacDonald alleges that she was injured after another skier collided with her while she was stopped along the side of one of defendant's ski trails.[1] Ordinarily, a skier may not sue a ski area operator to recover for injuries suffered in such collisions as the New Hampshire Legislature has determined that the possibility that a skier will be injured as a result of a collision with another skier is one of the risks inherent in the

---

[1] Although MacDonald has alleged that the skier who injured her was employed by the defendant, she does not rely on this point in opposing the motion to dismiss.

sport of skiing.  See N.H. Rev. Stat. Ann. § 225-A:24.  MacDonald argues that her case is covered by an exception to the general rule because the collision in this case was caused by the defendant's alleged failure to properly mark the trail.  A ski area operator must mark the beginning of each trail with the appropriate difficulty designation.  N.H. Rev. Stat. Ann. § 225-A:23.  Under certain circumstances, it must also designate areas that are either extra hazardous or closed to skiers.  Id.  However, New Hampshire law does not require the additional signage suggested by the plaintiff's complaint.  Accordingly, this case does not fall within any exception to the general rule prohibiting suits against a ski area operator for injuries resulting from a collision with another skier.  Defendant's motion to dismiss is granted.

SO ORDERED.

Paul Barbadoro
Chief Judge

January 20, 1999

cc: Charles F. Dalton, Jr., Esq.
    Joseph M. McDonough, III, Esq.
    Robert J. Foley, Esq.
    David Hall